UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLORIA HULSEY, Executrix of the Estate of
NAOMI FRANKLIN, Deceased,

    Plaintiff,

       v.

NORTH POINTE INSURANCE COMPANY,

    Defendant.

Case No. 12-cv-232-JPG-PMD

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Gloria Hulsey's motion to remand this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois (Doc. 11). Defendant North Pointe Insurance Company ("North Pointe") has responded to the motion (Doc. 12).

Hulsey brought this suit in state court against North Pointe on a $125,000 fire and casualty insurance policy it issued to her decedent.   In the complaint, Hulsey states that she seeks more than $50,000 and includes claims for a statutory penalty and for attorneys' fees.   North Pointe removed this case from state court because the parties are diverse and it believes the amount in controversy exceeds $75,000 exclusive of interest and costs.   Therefore, it believes the Court has original jurisdiction under 28 U.S.C. § 1332(a) and removal is proper under 28 U.S.C. § 1441(a). Hulsey disagrees, arguing that the face of the complaint does not show more than $75,000 is in issue.

The defendant, as the party seeking to invoke federal jurisdiction, bears the burden of demonstrating by a preponderance of the evidence facts showing that the plaintiff stands to recover more than $75,000 in the suit.   *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189

(1936); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). After the Court decides any contested facts relevant to the amount in controversy, "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian*, 441 F.3d at 542; *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[T]he sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.") "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Where punitive damages are recoverable as a matter of state law, this rule is true unless it is legally impossible for the plaintiff to recover the requested amount. *Cadek v. Great Lakes Dragaway*, 58 F.3d 1209, 1211-12 (7th Cir. 1995).

In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed. *Meridian*, 441 F.3d at 538; *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993). Thus, in this case, the defendant must establish by a preponderance of the evidence facts showing that that more than $75,000 was in issue at the time it filed its notice of removal.

North Pointe has met its burden. It has demonstrated in its brief that, in light of the value of the alleged loss plus potential the penalty award and attorneys' fees Hulsey seeks, she stands to recover more than $75,000 if she prevails in this suit. Therefore, it is not legally certain that the case is worth less than the jurisdictional minimum, and the amount in controversy requirement is

satisfied.

For this reason, the Court **DENIES** Hulsey's motion to remand (Doc. 11).

**IT IS SO ORDERED.**
**DATED: October 11, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**